■ In the Matter of LINDA M. BOYCE, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [626 NYS2d 537] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated November 29, 1993, which affirmed the decision of an Administrative Law Judge, finding that the petitioner had refused to submit to a chemical test for the purpose of determining the alcoholic content of her blood, revoking the petitioner's license, and imposing a $500 civil penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Commissioner's determination that the petitioner refused to consent to a chemical test to determine her blood alcohol level after being clearly and unequivocally provided with the statutory warning pursuant to Vehicle and Traffic Law § 1194 (2) (b) is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Gatto v Adduci,* 182 AD2d 760). The conflict between the testimony of the arresting officer and that of the petitioner presented an issue of credibility to be resolved by the Administrative Law Judge *(see, Matter of Collins v Codd,* 38 NY2d 269; *Matter of Holland v Commissioner of N. Y. State Dept. of Motor Vehicles,* 213 AD2d 637; *Matter of Smith v Passidomo,* 120 AD2d 599). The petitioner's claim that her request to speak to an attorney should not be construed as a refusal to consent to a chemical test is without merit under the circumstances of this case. For the purposes of Vehicle and Traffic Law § 1194, an individual may not condition his or her consent to a chemical test to determine blood alcohol content on first consulting with counsel *(see, Matter of Cook v Adduci,* 205 AD2d 903; *Matter of Brady v Tofany,* 36 AD2d 987, *affd* 29 NY2d 680; *see also, Matter of Finocchairo v Kelly,* 11 NY2d 58, *cert denied* 370 US 912).

The petitioner's remaining contention is unpreserved for appellate review. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.