■ RACHEL SLUTZKY, Individually and as Executor of MAIER SLUTZKY, Deceased, et al., Appellants, v ARON ESTATES CORP. et al., Respondents, et al., Defendants. [681 NYS2d 572] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered May 22, 1997, which, upon the granting of the motion of the defendants Aron Estates Corp., WSF Realty Corp., Ben Lichtenfeld, and David C. Reback pursuant to CPLR 4401 for judgment as a matter of law after the close of the plaintiffs' evidence, dismissed the complaint insofar as asserted against those defendants, and (2) a judgment of the same court entered May 23, 1997, which, upon the granting of the motion of the defendants International Royal Syndicate, Inc., Eliahu Slutzky, and Tomer Slutzky pursuant to CPLR 4401 for judgment as a matter of law after the close of the plaintiffs' evidence, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by

which the fact trier could base a finding in favor of the nonmoving party * * * In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat,* 90 NY2d 553, 556; *see also, Pulitano v Suffolk Manor Caterers,* 245 AD2d 279; *Farrukh v Board of Educ.,* 227 AD2d 440).

In the case at bar, the testimony of the individual defendants, who were called as witnesses by the plaintiffs, clearly showed that the plaintiffs' decedent did not own any legal and/or beneficiary interests in the defendant corporations at the time of his death. Consequently, there was no rational process by which the jury could find for the plaintiffs on any of their claims. The trial court, therefore, properly granted the defendants' motions for judgment as a matter of law (*see,* CPLR 4401). Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.