■ CHOON HO KIM, Appellant, v TRANSWORLD AIRWAYS et al., Respondents. [709 NYS2d 428] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered June 28, 1999, which, upon the granting of the defendants' motion

pursuant to CPLR 4401 for judgment in their favor as a matter of law made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for judgment in their favor as a matter of law made at the close of the plaintiff's case as there was no rational process by which the trier of fact could find in favor of the plaintiff (see, CPLR 4401; Szczerbiak v Pilat, 90 NY2d 553, 556; Slutzky v Aron Estates Corp., 256 AD2d 402). We decline to consider theories of liability that were not raised at trial and are improperly raised for the first time on appeal (see, Stern v 522 Shore Rd. Owners, 237 AD2d 277, 280).

The plaintiff contends that he was prejudiced by the use of an unofficial interpreter during the proceedings at the close of the plaintiff's case. This contention is unpreserved for appellate review since the plaintiff did not object at trial to the absence of an official interpreter (see, Berthoumieux v We Try Harder, 170 AD2d 248; Picciallo v Norchi, 147 AD2d 540; CPLR 4017). In fact, the plaintiff's friend acted as the unofficial interpreter at the behest of the plaintiff's attorney. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.