In the Matter of ANDREW CALENZO, Petitioner, v NIRAV R. SHAH, as Commissioner of the New York State Department of Health, et al., Respondents. [976 NYS2d 555]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health, dated May 19, 2011, which, after a hearing, affirmed a determination by the Suffolk County Department of Social Services to terminate the employment of the petitioner's stepfather as his Personal Care Assistant under the Consumer Directed Personal Assistance program.

Adjudged that the petition is granted, without costs or disbursements, and the determination is annulled.

The petitioner, a developmentally disabled adult, receives personal care services—nonmedical services provided in his home to assist him with certain activities of daily living—through a Medicaid program known as the Consumer Directed Personal Assistance Program (hereinafter CDPAP; *see* Social Services Law § 365-f). Under that program, the patient is responsible for hiring and supervising the consumer directed personal assistant (hereinafter the PA) (*see* 18 NYCRR 505.28 [g] [1]). If the patient, like the petitioner here, is not capable of performing this responsibility, a designated representative can do so on his or her behalf. Here, the petitioner's mother, Dianne Calenzo, is the petitioner's designated representative.

Pursuant to the regulation governing CDPAP at the time the challenged determination was made, "[p]ayment for personal care services shall not be made to a patient's spouse, parent, son, son-in-law, daughter or daughter-in-law, but may be made

to another relative if that other relative: (i) is not residing in the patient's home; or (ii) is residing in the patient's home because the amount of care required by the patient makes his presence necessary" (18 NYCRR 505.14 [h] [2]).

Calenzo, on behalf of the petitioner, hired her husband, Robert Walker, who is not the petitioner's biological or adoptive father, to serve as the petitioner's PA. Calenzo was thereafter advised by an employee of the Suffolk County Department of Social Services (hereinafter the DSS), which administers the CDPAP program in Suffolk County, that Walker could not serve as the petitioner's PA because the term "parent" in the above-cited regulation was interpreted to include stepparents. The petitioner requested a fair hearing before the New York State Department of Health (hereinafter the DOH) to review that determination, after which the determination was confirmed by a representative of the Commissioner of the DOH. The petitioner commenced this CPLR article 78 proceeding to review the DOH's determination, and the Supreme Court transferred the proceeding to this Court.

Initially, although a fair hearing was held by the DOH, the issue presented on this transferred CPLR article 78 proceeding— whether the term "parent" in 18 NYCRR 505.14 (h) (2) includes stepparents—is a question of law, and does not involve a "substantial evidence" question (CPLR 7803 [4]). Accordingly, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) (see *Matter of Baker v Mahon*, 72 AD3d 811, 812-813 [2010]). Nonetheless, in the interest of judicial economy, we retain jurisdiction and determine the issue raised on the merits (see *id.*).

In a proceeding such as this, which challenges a determination made by an administrative agency as to the proper interpretation of statutes and regulations, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of New Surfside Nursing Home, LLC v Daines*, 103 AD3d 637, 639 [2013]; see *Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 109, 112-113 [2010]). Here, the DOH's interpretation of the subject regulation did not have a rational basis. " '[T]he starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (*East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d 202, 209 [2009], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). The regulation in the present case refers only to a "parent." Calenzo's spouse, who is neither the petitioner's biological father nor his adoptive father, is not

his parent (*see generally Bank v White*, 40 AD3d 790, 791 [2007] [husband lacked standing to seek visitation with his wife's children from a prior marriage]). Thus, there is nothing in the plain language of the regulation that bars Walker from serving as the petitioner's PA.

Moreover, "[p]ursuant to the maxim of statutory construction expressio unius est exclusio alterius, 'where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded' " (*Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d 484, 485 [2005], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d at 210). The subject regulation, which bars both daughters and daughters-in-law, and sons and sons-in-law, from serving as PAs, did not merely include the terms "daughters" and "sons," with the intent that those terms would be inclusive of daughters and sons by marriage, as the DOH has interpreted the word "parent." The inclusion of these specific relationships—daughter-in-law and son-in-law—leads to the inference that "stepparent" was intentionally omitted.

The DOH argues that interpreting the subject regulation so as not to include stepparents in the list of family members ineligible to serve as PAs renders the regulation partially inconsistent with federal statute and regulation (*see* 42 USC § 1396d [a] [24]; 42 CFR 440.167 [b]). Even if this is the case, the remedy is to change the regulation, not to read into the regulation a term that clearly is not there. Indeed, a statute or regulation must be written so as to " 'give a person of ordinary intelligence fair notice that [her or] his contemplated conduct is forbidden by the statute [or regulation]' " (*Matter of State of New York v Spencer D.*, 96 AD3d 768, 769 [2012], quoting *People v Stuart*, 100 NY2d 412, 420 [2003]). It is questionable whether the subject regulation, which lists the family members who cannot be paid for rendering personal care services as "a patient's spouse, parent, son, son-in-law, daughter or daughter-in-law," would give individuals like Calenzo and Walker fair notice that Walker could not serve as the petitioner's PA because he is married to the petitioner's mother. In fact, when the DSS first learned that Walker was serving as the petitioner's PA, it consulted with an employee of the DOH, who advised that this was permissible provided that the patient was over 21 years of age, and Calenzo was, in turn, initially told that Walker could serve as the petitioner's PA. Given the lack of ambiguity in the language of the regulations, and the detailed list of familial relationships

provided in the regulation coupled with the exclusion of the term "stepparent," the DOH's determination that "parent" includes "stepparent" lacks a rational basis (*see generally Matter of Pro Home Bldrs., Inc. v Greenfield*, 67 AD3d 803, 806 [2009]; *Matter of Baker v Town of Islip Zoning Bd. of Appeals*, 20 AD3d 522, 525 [2005]; *Matter of Chrysler Realty Corp. v Orneck*, 196 AD2d 631, 632 [1993]).

The DOH argues, in the alternative, that Walker's employment as the petitioner's PA was properly terminated because he lived (part-time) in the petitioner's home for reasons other than the fact that "the amount of care required by the [petitioner made] his presence necessary" (18 NYCRR 505.14 [h] [2]). However, this rationale was not relied upon by either the DSS or the DOH, and the issue was not raised at the administrative level. "As it is well settled that an argument 'may not be raised for the first time before the courts in an article 78 proceeding,' this argument is not properly before us" (*Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009], quoting *Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal*, 51 NY2d 966, 967 [1980], *affd* 51 NY2d 968 [1980]).

Accordingly, we grant the petition and annul the determination. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.