■ In the Matter of PHILIP A. DEMICHELE, Petitioner, v DEPARTMENT OF MOTOR VEHICLES OF NEW YORK STATE, Respondent. [24 NYS3d 402]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 25, 2014, affirming a determination of an administrative law judge dated February 11, 2013, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked his driver license.

Adjudged that the petition is granted, with costs, the determination is annulled, and the penalty imposed is vacated.

In August 2012, while riding his motorcycle in Westchester County, the petitioner lost control and crashed; no other

vehicles or individuals were involved in the accident. The petitioner alleges that the accident happened when a coyote struck his motorcycle. As a result of the accident, the petitioner was injured and transferred by ambulance to a nearby hospital. Approximately two hours later, while he was still at the hospital, the petitioner was questioned by a New York State Trooper, who asked if he had consumed alcohol prior to the crash. The petitioner denied such consumption. Nevertheless, according to the Trooper's later filed "Report of Refusal to Submit to Chemical Test" (hereinafter the report), the Trooper detected a "strong odor of alcoholic beverage emanating from [the petitioner's] breath" during their conversation. The petitioner was then arrested for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and subsequently warned that, pursuant to Vehicle and Traffic Law § 1194, a refusal to submit to a chemical test would result in immediate suspension of his driver license. The petitioner declined to submit to the test.

Following an administrative hearing, at which the petitioner testified and the Trooper did not appear, but the report was admitted into evidence, the petitioner was found to have violated Vehicle and Traffic Law § 1194, and his license was revoked. This determination was affirmed after an administrative appeal to the New York State Department of Motor Vehicles Administrative Appeals Board. The petitioner then commenced this CPLR article 78 proceeding to review the determination, contending that the determination was not supported by substantial evidence. The Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Mannino v Department of Motor Vehs. of State of N.Y.-Traffic Violations Div.*, 101 AD3d 880, 880 [2012]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]). Review of the record in this matter demonstrates that the finding of the Administrative Law Judge is not supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231-232 [1974]).

As a prerequisite to the chemical test, the Trooper had to have reasonable grounds to believe that the petitioner was operating his motorcycle while under the influence of alcohol

(*see* Vehicle and Traffic Law § 1194 [2]). Reasonable grounds are to be determined on the basis of the totality of the circumstances (*see* Vehicle and Traffic Law § 1194 [2] [a] [3]). Here, the Trooper did not witness the circumstances leading to the accident or the accident itself, and his report states that no field sobriety tests were conducted at the scene. Other than the statement in the report that there was a strong odor of alcoholic beverage on the petitioner's breath, there was no evidence that would suggest the petitioner operated his vehicle in an intoxicated state (*see id.*; *see also People v Hagmann*, 175 AD2d 502, 505 [1991]; *see generally Matter of Paolino v Swarts*, 105 AD3d 850, 851 [2013]; *cf. Matter of Robinson v Swarts*, 82 AD3d 986 [2011]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]). Accordingly, the totality of circumstances did not warrant the determination that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test and to revoke the petitioner's driver license. Consequently, we grant the petition, annul the determination, and vacate the penalty imposed. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.