■ In the Matter of MARZENA POGORZELSKA et al., Appellants, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [27 NYS3d 54]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated April 29, 2014, confirming a determination of an administrative law judge dated April 26, 2013, made after a hearing, finding that the petitioners had violated various regulations with respect to New York State's license point and insurance reduction program, and revoking their permission to conduct license point and insurance reduction classes, the petitioners appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), dated March 26, 2015, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Since the petition, in effect, raises a question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see Matter of Gonzalez v Mulligan*, 45 AD3d 841, 842 [2007]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009]; *Matter of Calenzo v Shah*, 112 AD3d 709 [2013]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter accordingly (*see Matter of Gonzalez v Mulligan*, 45 AD3d at 842).

Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a

conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d 684, 685 [2012]). Here, the evidence demonstrated that the petitioners conducted a license point and insurance reduction class which was not in compliance with various regulations of the New York State Department of Motor Vehicles (hereinafter the DMV) regarding, inter alia, the content of the class, the length of the class, and the qualifications of the instructor. The evidence also demonstrated that the petitioners submitted a falsified class roster for transmission to the DMV. Accordingly, the determination of the administrative law judge that the petitioners were in violation of the DMV regulations was supported by substantial evidence. The petitioners' remaining contentions are improperly raised in this proceeding (*see Matter of Peckham v Calogero*, 12 NY3d at 430; *Matter of Calenzo v Shah*, 112 AD3d at 712) and, in any event, without merit.

Contrary to the petitioners' contention, the penalty imposed was neither disproportionate to the offenses nor shocking to one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Duroseau v Cestero*, 100 AD3d 889, 890 [2012]; *Matter of Springfield v Town of Huntington Hous. Auth.*, 78 AD3d 718, 719 [2010]). Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.