In the Matter of JOHN F. LAMB, JR., Appellant, v THERESA L. EGAN, as Executive Deputy Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. [54 NYS3d 100]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated July 28, 2015, affirming an undated determination of an administrative law judge, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic

Law § 1194, and revoked his driver license and commercial driver license, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (McCormack, J.), entered February 10, 2016, which denied his motion to set aside the determination, and (2), as limited by his brief, from so much of an amended order of the same court entered April 13, 2016, as, upon reargument, adhered to the original determination in the order entered February 10, 2016.

Ordered that the appeals are dismissed and the order and amended order are vacated; and it is further,

Adjudged that the petition is granted, the determination is annulled, and the penalty imposed is vacated; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petition, in effect, raises only the question of whether the challenged determination is supported by substantial evidence. Accordingly, the Supreme Court should have transferred the proceeding to this Court without deciding that issue (*see Matter of Pogorzelska v New York State Dept. of Motor Vehs.*, 137 AD3d 796, 796 [2016]). Nonetheless, since the record is now before us, we will treat the proceeding as though it had been properly transferred, and review the matter accordingly (*see id.* at 796; *Matter of Gonzalez v Mulligan*, 45 AD3d 841, 842 [2007]).

At a hearing pursuant to Vehicle and Traffic Law § 1194 (2) (c), a police officer testified that he stopped the petitioner's vehicle after observing the petitioner commit several traffic infractions. It appeared to the officer that the petitioner was intoxicated, and the officer arrested the petitioner and brought him to a police precinct station house. The officer requested that the petitioner accede to a chemical test of his blood, and warned him that his license would be suspended and subsequently revoked if he refused (*see* Vehicle and Traffic Law § 1194 [2] [b]). The petitioner asked to consult with his attorney, and the officer provided him with access to a telephone. The petitioner was unable to reach his attorney, but left a message. Subsequently, the officer twice repeated the request, and the warnings. Each time, the petitioner said that he was waiting for his attorney to return his call.

It is undisputed that the officer never told the petitioner either that his request to speak with his attorney would constitute a refusal to accede to the chemical test or that he could wait no longer and must decide. The officer completed a form reporting that the petitioner had refused to accede to a chemical test, and his driver license and commercial driver license were suspended. The administrative law judge held, as rele-

vant here, that the petitioner had been adequately warned of the consequences of refusing to accede to a chemical test and that he had refused to accede to the test. That determination was upheld on the petitioner's appeal to the New York State Department of Motor Vehicles Administrative Appeals Board. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination.

The determination must be confirmed if it is supported by substantial evidence in the record (see Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669 [2016]; Matter of DeMichele v Department of Motor Vehs. of N.Y. State, 136 AD3d 629, 630 [2016]; Matter of Baldwin v Fiala, 102 AD3d 960, 961 [2013]; Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 880 [2012]; Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 [2011]; Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehs., 215 AD2d 476, 477 [1995]). Here, it was not.

A motorist under arrest based on an alleged violation of Vehicle and Traffic Law § 1192 may not condition his or her consent to a chemical test on first being permitted to consult with counsel (see Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehs., 215 AD2d at 477). Nonetheless, the consequences of refusing to accede to a chemical test may be imposed only if the motorist, after being adequately warned of those consequences, has refused to accede to the test (see Vehicle and Traffic Law § 1194 [2] [b], [f]). The adequacy of the warning is the same for the consequence imposed by Vehicle and Traffic Law § 1194 (2) (b) (suspension and ultimate revocation of the motorist's driver license) and the consequence imposed by Vehicle and Traffic Law § 1194 (2) (f) (admissibility of evidence of refusal at a subsequent criminal trial) (see People v Smith, 18 NY3d 544, 548-549 [2012]). Here, the undisputed evidence at the hearing held pursuant to Vehicle and Traffic Law § 1194 (2) (c) failed to establish that the petitioner was warned that his time for deliberation had expired and his further request to consult with counsel, which the police sought to accommodate, would be deemed a refusal to accede to the chemical test (see People v Smith, 18 NY3d at 551). We emphasize that our determination is not based on any violation of any purported right to counsel (see id. at 550), but on the adequacy of the warnings that the request to consult with counsel would constitute a refusal to accede to the chemical test (see id. at 551; cf. Matter of Sullivan v Melton, 71 AD2d 797, 798 [1979]).

Accordingly, we grant the petition and annul the determination.

The petitioner's remaining contention is not properly before this Court (*see Pontes v F&S Contr., LLC*, 146 AD3d 829, 830 [2017]; *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d at 881-882; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978, 978 [2010]). Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.