Matter of Wittenberg v Purchase Coll., S.U.N.Y. (2019 NY Slip Op 07266)





Matter of Wittenberg v Purchase Coll., S.U.N.Y.


2019 NY Slip Op 07266


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11527
 (Index No. 2597/17)

[*1]In the Matter of Sydnie Wittenberg, appellant,
v
Purchase College, S.U.N.Y., respondent.


Zimmerman Law, P.C., Huntington Station, NY (Gary R. Novins of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



In a proceeding pursuant to CPLR article 78 to review a determination of the Campus Appeals Board of the State University of New York, Purchase College, dated April 27, 2017, affirming a determination, after a hearing, of the Campus Hearing Committee of the Office of Community Standards of the State University of New York, Purchase College, dated April 19, 2017, finding the petitioner responsible for violating the Student Code of Conduct of the State University of New York, Purchase College, and expelling the petitioner with persona non grata status, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 14, 2017. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination dated April 27, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On March 27, 2017, the petitioner, a student at the State University of New York, Purchase College (hereinafter Purchase), was charged with violating certain sections of Purchase's Student Code of Conduct (hereinafter Code of Conduct), namely, C.1 (acting in a manner which inflicts physical harm, physical abuse, or injury to any person), C.6 (engaging in any behavior against a person which significantly interrupts or prevents that person from carrying out duties and responsibilities associated with their role as faculty, staff, or student), E.8(A) (using or possessing narcotics, hallucinogens, concentrated cannabis, synthetic drugs, or any other controlled substances), E.8(B) (using or possessing cannabis or derivatives of cannabis), E.8(C) (using or possessing controlled substances as defined by the New York State Public Health Law), E.8(D) (manufacturing, distributing, selling, giving, or offering cannabis or its derivatives, narcotics, hallucinogens, or controlled substances), and F.6 (violating quiet hours), and was suspended immediately from Purchase pending a hearing on the charges. Thereafter, the Campus Hearing Committee of the [*2]Purchase Office of Community Standards (hereinafter the Hearing Commiteee) held a hearing on April 18, 2017. Following the hearing, the Hearing Committee issued a determination dated April 19, 2017, finding that the petitioner had committed all of the violations alleged. The Hearing Committee imposed the sanction of expulsion with persona non grata status effective April 25, 2017.
In a determination dated April 27, 2017, the Purchase Campus Appeals Board affirmed the determination dated April 19, 2017. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination dated April 27, 2017, alleging, among other things, that the determination was not supported by substantial evidence. The Supreme Court should have transferred the proceeding to this Court without deciding the substantial evidence issue (see Matter of Lamb v Egan, 150 AD3d 854, 855; Matter of Pogorzelska v New York State Dept. of Motor Vehs., 137 AD3d 796, 796). Nonetheless, since the record is now before us, we will treat the proceeding as though it had been properly transferred, and review the determination de novo (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 741; Matter of Lamb v Egan, 150 AD3d at 855).
Review of Purchase's disciplinary determination made after a hearing is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044; Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d 1182, 1183). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d at 183, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
Contrary to the petitioner's contention, the testimony of two campus police officers proffered at the hearing, as well as the hearsay evidence and the petitioner's testimony, provided substantial evidence in support of the finding that the petitioner violated the subject sections of the Code of Conduct. "The hearing board also could have reasonably interpreted some of petitioner's conceded behavior as consciousness of guilt and concluded that [her] version of the events was not credible. Ultimately, it was the province of the hearing board to resolve any conflicts in the evidence and make credibility determinations" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
The petitioner's remaining contentions are without merit.
Accordingly, we confirm the determination of the Purchase Campus Appeals Board, deny the petition, and dismiss the proceeding on the merits.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court