Matter of Collado v Dugan (2019 NY Slip Op 07871)





Matter of Collado v Dugan


2019 NY Slip Op 07871


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02854
 (Index No. 1775/16)

[*1]In the Matter of Fausto Collado, et al., petitioners,
v
Deborah . Dugan, etc., et al., respondents.


Carlos J. Cuevas, Yonkers, NY, for petitioners.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Mark S. Grube of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated December 29, 2015, affirming a determination of an administrative law judge dated September 23, 2014, which, after a hearing, found that the petitioners violated Vehicle and Traffic Law § 303(e)(3) in the performance of certain motor vehicle inspections, imposed civil penalties in the total sum of $35,000, and revoked the inspection station license of the petitioner A & J Auto Center, Inc.
ADJUDGED that the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners, the owner of a motor vehicle inspection facility and the facility, respectively, were charged with violations of Vehicle and Traffic Law § 303(e)(3) as a result of the alleged improper performance of 231 motor vehicle inspections. A hearing was held before an administrative law judge (hereinafter the ALJ), at which the petitioner owner, who is not proficient in English, testified with his son acting as his interpreter. The ALJ sustained all of the charges, imposed civil penalties in the total sum of $35,000, and revoked the petitioner facility's inspection certification. The New York State Department of Motor Vehicles Appeals Board affirmed the determination. The petitioners commenced the instant proceeding pursuant to CPLR article 78, and by order dated September 5, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) for disposition.
The petitioners contend that the hearing was improperly conducted without the assistance of a "qualified and certified" Spanish language interpreter. However, this contention is not properly before this Court, as it is raised for the first time in this CPLR article 78 proceeding (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Matter of Calenzo v Shah, 112 AD3d 709, 712; Matter of Gill v Lauro, 84 AD3d 958, 959; Choon Ho Kim v Transworld Airways, 272 AD2d 567, 568).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court