Matter of Clemens v New York State Dept. of Motor Vehicles (2019 NY Slip Op 09001)





Matter of Clemens v New York State Dept. of Motor Vehicles


2019 NY Slip Op 09001


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-01538
 (Index No. 3505/17)

[*1]In the Matter of Mark Clemens, petitioner,
v
New York State Department of Motor Vehicles, respondent.


Hopkins & Kopilow, Garden City, NY (Michael T. Hopkins of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Joshua M. Parker of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated May 30, 2017, affirming a determination of an administrative law judge dated October 17, 2016, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated May 30, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Just after midnight on October 2, 2016, the petitioner was arrested for driving while intoxicated (see Vehicle and Traffic Law § 1192[3]). After a hearing, an administrative law judge (hereinafter the ALJ) determined that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test, and imposed the mandatory revocation of the petitioner's driver license. The New York State Department of Motor Vehicles Administrative Appeals Board affirmed the determination of the ALJ. The petitioner commenced this CPLR article 78 proceeding, contending, inter alia, that substantial evidence did not support the finding that he refused to submit to the chemical test. The proceeding was transferred to this Court by order of the Supreme Court entered January 30, 2018.
Contrary to the petitioner's contention, the findings of the ALJ are supported by substantial evidence (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669). The evidence adduced at the hearing, including the testimony of the arresting officer, the officer's written report of the petitioner's refusal to submit to a chemical test, and the alcohol/drug report authorization form, demonstrated that after the petitioner's arrest, the officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused the officer's request to submit to the chemical test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Singer v Egan, 170 AD3d 732, 733; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d at 669).
The petitioner's contention that his request to speak to an attorney should not be construed as a refusal to consent to a chemical test is without merit (see Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehs., 215 AD2d 476, 477; cf. People v Smith, 18 NY3d 544; Matter of Lamb v Egan, 150 AD3d 854). "For the purposes of Vehicle and Traffic Law § 1194, an individual may not condition his or her consent to a chemical test to determine blood alcohol content on first consulting with counsel" (Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehs., 215 AD2d at 477). Although the petitioner requested to speak to counsel in response to the first test request, given at 1:26 a.m., and despite the officer's efforts to find the attorney's office phone number, the petitioner refused to leave a voicemail when his attorney could not be reached at his office. The police station did not have the residential telephone directory to look up the attorney's home phone number, but the officer offered to give the petitioner his cell phone to locate the number. The petitioner did not have his attorney's home phone number stored in the cell phone. The officer also offered to have the petitioner call his wife, so that she could contact the attorney at home, but the petitioner refused. After these efforts by the officer and the rejections by the petitioner, the officer warned the petitioner two additional times of the consequences of refusing to consent to a chemical test and asked him twice more to take the test. On these occasions, the officer warned the petitioner that his silence in response to these requests would be construed as a refusal. Under these circumstances, the petitioner's silence in response to the further warnings and test requests by the officer constituted a refusal to submit to the test.
The petitioner's remaining contentions are without merit.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court