Matter of Renella v Schroeder (2024 NY Slip Op 03485)

Matter of Renella v Schroeder

2024 NY Slip Op 03485

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06355
 (Index No. 206/22)

[*1]In the Matter of William G. Renella, petitioner,
v
Mark J.F. Schroeder, etc., et al., respondents.

Larkin Ingrassia, LLP, Newburgh, NY (Brittany A. Kessler, John Ingrassia, and Matthew Bennett of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Philip J. Levitz, Kristin C. Holladay, and Anagha Sundararajan of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated November 30, 2021, affirming a determination of an administrative law judge dated May 18, 2021, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated November 30, 2021, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested for operating a motor vehicle while intoxicated. After a hearing, an administrative law judge (hereinafter ALJ) determined that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test and imposed the mandatory revocation of the petitioner's driver license. Thereafter, the ALJ's determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. In an order dated July 18, 2022, the Supreme Court, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the petitioner's contention, substantial evidence supports the determination revoking the petitioner's driver license for refusing to submit to a chemical test (see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d 926, 928; Matter of McCaul v New York State Dept. of Motor Vehs., 179 AD3d 803, 804). The petitioner's contention that his request to speak to an attorney should not be construed as a refusal to consent to a chemical test is without merit (see Matter of Clemens v New York State Dept. of Motor Vehs., 178 AD3d 921, 922; Matter of Lamb v Egan, 150 AD3d 854, 855). Moreover, the evidence adduced at the hearing did not support a finding that the petitioner made a specific and unequivocal request for an attorney, as he suggests (cf. People v Mitchell, 2 NY3d 272, 276). In sum, the evidence adduced at the hearing demonstrated that after the petitioner's arrest, an officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test and that the petitioner refused the officer's request to submit to the chemical test (see Matter of Clemens v New York State Dept. of Motor Vehs., [*2]178 AD3d at 922; Matter of Vasquez v Egan, 174 AD3d 811, 812-813).
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court