Matter of Ball v Schroeder (2025 NY Slip Op 00958)

Matter of Ball v Schroeder

2025 NY Slip Op 00958

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-09319 DECISION, ORDER & JUDGMENT
 (Index No. 605838/22)

[*1]In the Matter of Charles E. Ball, Jr., respondent,
v
Mark J. F. Schroeder, etc., et al., appellants.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Sarah Coco of counsel), for appellants.
Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY (Kenneth L. Gartner and Jaclyn M. Ruggirello of counsel), for respondent.

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated February 22, 2022, affirming a determination of an administrative law judge dated October 20, 2020, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license, Mark J. F. Schroeder and the New York State Department of Motor Vehicles appeal from a judgment of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered October 4, 2022. The judgment granted the petition and annulled the determination dated February 22, 2022.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination dated February 22, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to Mark J. F. Schroeder and the New York State Department of Motor Vehicles.
Since the petition, in effect, raises a question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (see Matter of Lamb v Egan, 150 AD3d 854, 855; Matter of Pogorzelska v New York State Dept. of Motor Vehs., 137 AD3d 796). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred and review the administrative determination de novo (see Matter of Doran v Town of Babylon, 219 AD3d 832, 834; Matter of Lamb v Egan, 150 AD3d at 855).
In July 2019, the petitioner was involved in an accident when a passenger fell off the back of the petitioner's motorcycle as he accelerated away from an intersection. The petitioner was stopped by the police and arrested for driving while intoxicated (see Vehicle and Traffic Law § 1192). After a hearing, in a determination dated October 20, 2020, an administrative law judge (hereinafter the ALJ) found that the petitioner, who had five prior convictions for driving while [*2]intoxicated (see id. § 1192[2], [3]), refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and imposed the mandatory revocation of the petitioner's driver license. In a determination dated February 22, 2022, the New York State Department of Motor Vehicles Administrative Appeals Board affirmed the ALJ's determination. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination dated February 22, 2022.
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 880; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Jensen v New York State Dept. of Motor Vehs., 176 AD3d 707, 708).
Here, the findings of the ALJ are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180). Contrary to the petitioner's contention, the evidence adduced at the hearing, including, inter alia, the testimony of the arresting officer and the arresting officer's written report of the petitioner's refusal to submit to a chemical test, as well as the negative inference drawn from the petitioner's failure to testify, demonstrated that the petitioner was given sufficient warning of the consequences of refusing to submit to a chemical test and that he refused the arresting officer's request to submit to the chemical test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1015; Matter of Crowder v Fiala, 175 AD3d 1408, 1409).
The evidence established that at the police station, the arresting officer asked the petitioner to submit to a chemical test. The petitioner refused and asked to speak to his attorney. The petitioner called his attorney but was unable to reach his attorney and left a message. Thereafter, the arresting officer again asked the petitioner to submit to a chemical test, and the petitioner refused to answer. Another officer, in the presence of the arresting officer, warned the petitioner that failing to answer would be deemed a refusal of the test. Additionally, the arresting officer testified that he read the petitioner the consequences of refusing the test as stated on the refusal form, which included the warning that if the petitioner refused to submit to the test, it would "result in the immediate suspension and subsequent one year minimum revocation of [his] driver's license . . . whether or not [he was] found guilty of the charges for which [he had] been arrested." The arresting officer then documented the petitioner's refusal on the written report. Shortly thereafter, the arresting officer again asked the petitioner whether he would submit to a chemical test, and the petitioner responded, "We are done here."
This matter is distinguishable from the circumstances present in Matter of Lamb v Egan (150 AD3d 854). In that case, in response to the police officer's warnings to the driver of the consequences of refusing the chemical test, the driver twice stated that he was waiting for his attorney to return his call (see id. at 855). Under these circumstances, this Court found the evidence insufficient to establish that the driver was adequately warned that his request to consult with counsel would constitute a refusal to accede to the chemical test (see id. at 856, citing People v Smith, 18 NY3d 544, 551). In contrast, in the present case, there is no evidence that the petitioner again asked to speak to his attorney after he left the message or stated that his decision to submit to the chemical test was contingent upon speaking with his attorney. Rather, after placing the call to the attorney, the petitioner simply refused to answer the officer when asked to take the chemical test, and despite being explicitly warned that his silence would be taken as a refusal, the petitioner said, "We are done here" (see Matter of Clemens v New York State Dept. of Motor Vehs., 178 AD3d 921, 923).
Furthermore, the evidence adduced at the hearing also demonstrated that the arresting officer had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192 and that the officer lawfully arrested the petitioner. The arresting officer testified that he responded to the scene in response to a radio call of an auto accident. Although the arresting officer did not witness the accident, he testified that he was debriefed at the scene by [*3]officers who had witnessed the accident and was informed that a passenger had fallen off the back of the motorcycle. The arresting officer testified that the petitioner admitted that he had been involved in an accident. The arresting officer testified that he smelled a strong odor of alcohol on the petitioner's breath, that the petitioner had bloodshot, glassy eyes, and that the petitioner admitted that he had consumed "one of those big drinks." The arresting officer further testified that he tried to administer a portable breath test and field sobriety tests to the petitioner, all of which the petitioner refused. When the arresting officer asked the petitioner to "walk and turn," the petitioner responded, "just put me in handcuffs." Contrary to the petitioner's contention, the foregoing constituted substantial evidence supporting the ALJ's findings that the police lawfully stopped his motorcycle and that his arrest for driving while intoxicated was supported by probable cause (see Matter of Crowder v Fiala, 175 AD3d at 1409; Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d at 881). Further, hearsay evidence, such as portions of the testimony of the arresting officer, can be the basis of an administrative determination (see Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d at 1015; Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d at 881).
We note that, in the criminal action commenced against the petitioner stemming from this incident, the Nassau County District Court determined that the stop of the petitioner's motorcycle was illegal and suppressed all evidence obtained following the stop. The petitioner did not argue before this Court that the ALJ was collaterally estopped from finding that the petitioner's arrest was lawful by virtue of the District Court's ruling.
The petitioner's remaining contention is without merit.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court