OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, without costs, and the determination of the Commissioner of the State Department of Social Services reinstated.
Petitioner, a recipient of Medicaid, suffers from chronic pulmonary disease. In October, 1980, petitioner made a request to the Nassau County Department of Social Services that she be provided an air conditioner under the Medicaid program. The local agency denied the request and, after a hearing, respondent Commissioner of Social Services affirmed the determination on the ground that “[t]he medical evidence submitted by the appellant was insufficient to establish that an air conditioner is necessary.” The Appellate Division reversed and annulled the determination. That court reasoned that the determination had been solely based on the testimony of a physician for the Department of Social Services who had never examined petitioner and, therefore, was not supported by substantial evidence.
A review of the stated grounds for the commissioner’s determination indicates that, contrary to the conclusion of the Appellate Division, the reason for the denial was petitioner’s failure to demonstrate the medical necessity of the requested equipment. In support of her request, petitioner had submitted letters from her treating physician, who did not specialize in treating pulmonary disabilities, that detailed her condition and that stated, in pertinent part, that he “believe[d] that an air conditioner for [petitioner’s] home would be of tremendous value in maintaining her symptom-free, as well as preventing the acute episodes which she has suffered in the past”, and that he has “found that patients with air conditioning seem to experience less discomfort and symptoms when they live in an air conditioned environment.” Petitioner’s own testimony indicated that factors, other than improved climate, *648 served to alleviate her symptoms. No evidence was submitted that demonstrated that petitioner had required or received more extensive medical treatment during summer months and there was evidence that her condition had in the past been most acute at times other than the summer months. In view of the nature and quantum of the evidence in the record before the agency presented in support of petitioner’s request, it cannot be said that the determination under review was not rationally based upon evidence of a substantial nature.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment reversed, without costs, and determination of the Commissioner of the State Department of Social Services reinstated in a memorandum.