■ In the Matter of the Application of WARD BENTLEY et al., Petitioners, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding transferred pursuant to CPLR 7804 (subd [g]), petitioners seek review of a decision, after a fair hearing, of the Commissioner of the New York State Department of Social Services (Commissioner) which upheld the determination of the Allegany County Department of Social Services (Agency) to terminate petitioner Ward Bentley's home care services and to place him in a skilled nursing care facility. Since suffering a stroke in 1980, Mr. Bentley has been provided with 20 hours of daily household assistance including visits from public health nurses and therapists. This care has been provided under Medicaid programs in accordance with a plan of treatment authorized by the Agency as prescribed by a physician (Social Services Law, § 365-a, subd 2, par [e]). It can be provided if the patient's health and safety in the home can be adequately assured (18 NYCRR 505.14 [a][5]). In 1982, the Agency conducted an extensive evaluation done at a hospital where petitioner had been admitted for recurring urinary problems and determined that his required level of care could not be met by household assistance. Therefore, it notified him that he must accept the first nursing home bed available or lose the household assistance. His treating physician and a colleague, however, were of the opinion that adequate care could be maintained in the home. In the fair hearing decision, the Commissioner acknowledged that the local medical director was obligated to review the assessments compiled by the Agency because the physician's evaluation and recommendation that home care was adequate were contrary to the evaluation and recommendation of the caseworker and nurses. In upholding the determination, the Commissioner found the evidence supported the medical director's agreement with the Agency evaluation. The Agency's failure to consult with the treating physician, to follow his advice, or to conduct its own physical examination, does not per se render the Commissioner's determination unreasonable (*Matter of Coffey v D'Elia,* 61 NY2d 645). Where an administrator adopts one of several conflicting opinions, it is not the province of the court to substitute its judgment unless the Agency's determination is unreasonable and without a basis in law (*Matter of Denise R. v Lavine,* 39 NY2d 279). In view of the nature and quantum of the evidence in this record, it cannot be said that the determination was not rationally based on evidence of a substantial nature (*Matter of Coffey v D'Elia, supra*). At most there was a conflict in the evidence concerning what was medically necessary for petitioner and we find a rational basis for the Commissioner's acceptance of the medical director's decision (*Matter of Harbeck v Blum,* 78 AD2d 726). (Article 78 proceeding transferred by order of Supreme Court, Allegany County, Freeman, J.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.