■ In the Matter of STEPHEN SCHONBERG, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In this transferred CPLR article 78 proceeding, the determination of the respondent Perales, rendered May 22, 1987 after hearing, which affirmed a determination of the respondent Grinker denying petitioner's request for prior approval for out-of-State rehabilitation services at the Whitewood Rehabilitation Center in Waterbury, Connecticut, and instead approved nursing home placement, is unanimously annulled, on the law, without costs or disbursements, and the matter is remitted to the New York City Department of Social Services for a de novo determination.

Petitioner, now 40 years of age, suffers from muscular dystrophy, and has been at all times relevant hereto a recipient of "Medicaid" medical assistance pursuant to Federal and State law. Petitioner's primary source for medical care during the pertinent period has been the Clinical Neuromuscular Disease Center at New York University (the Clinic). In August 1986 Dr. Dora Schively, assistant to the director of the Clinic, and Steven Fisher, a certified social worker at the Clinic, sought petitioner's admission to the Whitewood Rehabilitation Center, owned and operated by New Medico Associates in Waterbury, Connecticut, since local facilities were inadequate to meet his living and medical needs. New Medico Associates thereupon submitted a request for prior approval of petitioner's placement at Whitewood Rehabilitation Center to the New York City Medical Assistance Program (the agency), including with that request the letters from the Clinic, letters from petitioner and his mother, medical assessment forms, and a proposed plan of care from the rehabilitation center.

In September 1986 the agency advised New Medico that it approved petitioner's placement in Whitewood's skilled nursing facility, but not in its rehabilitation center. No reasons were given for this decision, and the agency also neglected to notify petitioner of its determination. After petitioner was advised by New Medico that the agency had denied him placement at the rehabilitation center, he requested a fair hearing to appeal that determination before an Administrative Law Judge, who found sufficient evidence to support the agency's determination.

The evidence submitted at the hearing was in sharp conflict as to whether petitioner's medical condition warranted the type of treatment and services provided by the Whitewood Rehabilitation Center, or whether the more limited rehabilitation treatment available at the Whitewood Manor Nursing Home would be adequate to meet his needs. In the ordinary case, our function in reviewing a determination after an administrative hearing is limited to an examination of the hearing record in order to ascertain whether the determination was rationally based upon evidence of a substantial nature *(Matter of Coffey v D'Elia,* 61 NY2d 645, 648). "Where an administrator adopts one of several conflicting opinions, it is not the province of the court to substitute its judgment unless the agency's determination is unreasonable or without a basis in law" *(Matter of Denise R. v Lavine,* 39 NY2d 279, 283; *see also, Matter of Bentley v Perales,* 103 AD2d 1005).

This is not the ordinary case. At the hearing, James Lewis, the agency's representative, stated that the agency had never received a physician's recommendation for rehabilitation services, and therefore the request for placement in the Whitewood Rehabilitation Center could not be granted by the agency under a State regulation (18 NYCRR 505.11 [a]) authorizing such placement only upon a physician's directive. However, the record before us contains a letter dated August 8, 1986 from petitioner's social worker requesting petitioner's placement at Whitewood Rehabilitation Center which was in fact cosigned by petitioner's physician, Dr. Schively.

Since no reason was given by the agency for not approving petitioner's placement at Whitewood Rehabilitation Center, it appears entirely possible that the agency's determination did not represent an informed exercise of judgment as to an appropriate placement for petitioner, but rather may have been based on a perceived failure on the petitioner's part to meet the requirements of the applicable State regulation.

Under these circumstances, we conclude that the petition

should be granted, the determination after hearing by the Commissioner of the New York State Department of Social Services annulled, and the matter remitted to the New York City Department of Social Services, or its successor agency, for a de novo determination regarding petitioner's request for placement at the Whitewood Rehabilitation Center. Prior to reaching such determination, petitioner should be given the opportunity to submit such other evidence in support of his application as may shed additional light on the merits of his request. In view of the basis upon which we have made our determination, we do not reach petitioner's alternative arguments, including his claim that the city agency's failure to state a specific reason for the denial of his application violated his due process rights. *(See, Matter of Baez v Blum,* 91 AD2d 994.)* Concur—Sandler, J. P., Ross, Carro, Asch and Ellerin, JJ.