■ In the Matter of DORIS STORCH, Petitioner, v WILLIAM J. GRINKER, as Commissioner of the Department of Social Services of the City of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 11, 1987, made after a hearing, which affirmed the determination of the State Department of Health, Office of Health Systems Management, denying the petitioner's request for prior approval of the purchase of a motorized wheelchair.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

We conclude that there is substantial evidence in the record to support the respondents' determination that the petitioner failed to demonstrate the medical necessity of a motorized wheelchair and thus was not entitled to such equipment under the Medicaid program *(see,* Social Services Law § 365-a; *Matter*

*of Coffey v D'Elia,* 61 NY2d 645; *Matter of Harbeck v Blum,* 78 AD2d 726). The record reveals that the petitioner, who suffers from osteoporosis and has difficulty propelling a manual wheelchair, is nonetheless able to ambulate for moderate distances with the aid of a cane, has good balance and muscle strength, has a manual wheelchair in good working order and is authorized to receive 10 hours of personal care services per day, seven days per week. One of the duties of a personal care attendant is to push the patient's wheelchair (18 NYCRR 505.14 [a] [6] [ii] *[a]* [11]). The petitioner's desire to travel outside the home independent of her home attendants does not amount to a medical necessity within the meaning of Social Services Law § 365-a.

We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.