■ In the Matter of THOMAS LAYER, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of New York State Department of Health, Respondent. [795 NYS2d 810]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial

Department by order of the Supreme Court, Erie County [Eugene M. Fahey, J.], entered December 2, 2004) to review a determination of respondent. The determination denied petitioner's request for approval to purchase a prescribed EasyStand 5000 Stander.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination following a fair hearing that denied his request for approval to purchase an EasyStand 5000 standing device with accessories (EasyStand). Petitioner, a 30-year-old Medicaid recipient diagnosed with spastic quadriplegia secondary to cerebral palsy, is wheelchair-bound and unable to stand unassisted. His nurse practitioner and physical therapist requested approval for the purchase of an EasyStand, and their request was denied on the ground that the EasyStand is not medically necessary. Following a fair hearing, the determination of the Administrative Law Judge (ALJ) for respondent affirmed the denial of the request.

We agree with petitioner that his request for the EasyStand should have been granted because the EasyStand is medically necessary. As the recipient of the EasyStand, petitioner was "responsible for establishing that . . . [it is] medically necessary to prevent, diagnose, correct or cure a medical condition and that any specific statutory or regulatory requirements for prior approval of the care, services or supplies are met" (18 NYCRR 513.3 [a]). According to the regulations of the New York State Department of Health (DOH), "[n]ecessary to prevent, diagnose, correct or cure a condition means that requested medical . . . supplies would: meet the recipient's medical needs; reduce the recipient's physical or mental disability; restore the recipient to his or her best possible functional level; or improve the recipient's capacity for normal activity" (18 NYCRR 513.1 [c]). The regulations further provide that "[n]ecessity to prevent, diagnose, correct or cure a condition must be determined in light of the recipient's specific circumstances and the recipient's functional capacity to use or make use of the requested care, services or supplies and appropriate alternatives" (id.).

Petitioner presented evidence at the fair hearing that the EasyStand would decrease contractures in his legs, provide prolonged stretching to elongate his leg muscles and increase bone density. He established that the EasyStand therefore would decrease the risk of broken bones from spasms, decrease

muscular atrophy in his legs, decrease the risk of skin breakdown, increase functional mobility, improve circulation and elimination, and improve his comfort and ability to socialize with others. Petitioner also established that there were no less costly alternatives that would provide the same benefits. Consequently, petitioner met his burden of establishing that the EasyStand would "restore [him] to his . . . best possible functional level" (*id.*).

The determination of the ALJ was based on the conclusory and unsupported decision of the DOH that standing is not a necessary treatment for petitioner. However, the testimony of petitioner's physical therapist that petitioner is at risk for bone breakage and continued muscle atrophy without the use of the EasyStand "is entitled to significant weight . . . and cannot be outweighed solely by the opinions of non-medical personnel or persons not within the same medical profession as the ordering or treating practitioner" (18 NYCRR 513.6 [e]). Petitioner's physical therapist further testified that the EasyStand would increase petitioner's ability to lead a more normal life (*see* 18 NYCRR 513.6 [a] [3] [iv]). Consequently, the determination herein that the EasyStand is not medically necessary is not supported by substantial evidence and must be annulled (*see Matter of Sorrentino v Novello*, 295 AD2d 945 [2002]; *Matter of Gartz v Wing*, 236 AD2d 890, 891 [1997]; *Matter of Dobson v Perales*, 175 AD2d 628 [1991]; *cf. Matter of Coffey v D'Elia*, 61 NY2d 645 [1983]). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.