# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**47**

**TP 11-01540**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF ALAYNA GODFREY, BY HER PARENT
AND NATURAL GUARDIAN MICHELLE GODFREY,
PETITIONER,

V                                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH AND PHILLIP NOSTRAMO,
COMMISSIONER'S DESIGNEE, RESPONDENTS.

---

NEIGHBORHOOD LEGAL SERVICES, INC., BUFFALO (DIANA M. STRAUBE OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered June 22, 2011) to review a determination of respondents. The determination denied petitioner's request for a Bantam Stander standing device with options.

It is hereby ORDERED that the determination is unanimously annulled on the law and facts without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination made following a fair hearing that denied her request seeking approval to purchase a Bantam Stander standing device with options (Bantam). Petitioner is a seven-year-old Medicaid recipient with multiple disabilities who is wheelchair-bound and unable to stand unassisted. The pediatrician and physical therapist requested approval for the purchase of a Bantam, and the request was denied on the ground that petitioner failed to establish that the Bantam was the least costly medical device that would meet her medical needs. Following a fair hearing, the Administrative Law Judge (ALJ) affirmed the denial of petitioner's request.

We agree with petitioner that the request for the Bantam should have been approved because the Bantam is medically necessary. As the intended recipient of the Bantam, petitioner was "responsible for establishing that . . . [it was] medically necessary to prevent, diagnose, correct or cure a medical condition and that any specific

statutory or regulatory requirements for prior approval of the care, services or supplies [were] met" (18 NYCRR 513.3 [a]). According to New York State Department of Health regulations, "*[n]ecessary to prevent, diagnose, correct or cure a condition* means that [the] requested medical . . . supplies would: meet the recipient's medical needs; reduce the recipient's physical or mental disability; restore the recipient to his or her best possible functional level; or improve the recipient's capacity for normal activity" (18 NYCRR 513.1 [c]). The regulations further provide that "[n]ecessity to prevent, diagnose, correct or cure a condition must be determined in light of the recipient's specific circumstances and the recipient's functional capacity to use or make use of the requested care, services or supplies and appropriate alternatives" (*id*.).

At the fair hearing, petitioner established that the Bantam would allow her to engage in weight bearing, would assist with her reflux, bowel and bladder health, and would increase her bone density. Petitioner also established that there were no less costly alternatives that would provide those precise benefits while also enabling petitioner to be transferred safely to and from her wheelchair. Consequently, petitioner met her burden of establishing that the Bantam was necessary to restore the recipient to her best possible functional level (*see id*.). Moreover, the testimony of the physical therapist that petitioner is at risk for being dropped and injured without the use of the Bantam "is entitled to significant weight . . . and cannot be outweighed solely by the opinions of non-medical personnel or persons not within the same medical profession as the ordering or treating practitioner" (18 NYCRR 513.6 [e]). In addition, she testified that the Bantam would increase petitioner's ability to lead a more normal life (*see* 18 NYCRR 513.6 [a] [3] [iv]). In view of the evidence presented by the parties at the fair hearing, we cannot agree with the ALJ's determination that the Bantam is not the least costly device that is medically necessary for petitioner. Thus, because the determination is not supported by the requisite substantial evidence, it must be annulled (*see Matter of Sorrentino v Novello*, 295 AD2d 945; *Matter of Gartz v Wing*, 236 AD2d 890; *Matter of Dobson v Perales*, 175 AD2d 628; *cf. Matter of Coffey v D'Elia*, 61 NY2d 645).

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court