■ In the Matter of SHERMAN WALKER, Petitioner, v DAVID STALLONE, Superintendent, Cayuga Correctional Facility, Respondent. [984 NYS2d 281]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered July 15, 2013) to annul a determination finding after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.

■ In the Matter of RONNIE ZUCHEGNO, by his Parent and Natural Guardian ANDREA ZUCHEGNO, Petitioner, v NIRAV R. SHAH, Commissioner, New York State Department of Health, Respondent. [979 NYS2d 899]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [J. Scott Odorisi, J.], entered June 25, 2013) to challenge the determination of respondent. The determination denied petitioner's request for a SleepSafe II bed for her son.

It is hereby ordered that the determination is unanimously annulled on the law and facts without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination following a fair hearing that denied her request for a SleepSafe II bed for her son. Upon our review of the evidence presented by the parties at the fair hearing, we conclude that the determination that the SleepSafe II bed is not the least costly device that is medically necessary for petitioner's son is not supported by the requisite substantial evidence (*see Matter of Godfrey v Shah*, 91 AD3d 1294, 1295-1296 [2012]). Thus, the determination must be annulled. Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.