Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [James H. Dillon, J.], entered April 11, 2017) to review a determination of respondent. The determination denied petitioner’s request for preapproval to purchase an ultra lightweight, manual wheelchair as a backup while his primary, power wheelchair is unavailable for use.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to challenge a determination, made after a fair hearing, that denied his request for preapproval to purchase an ultra lightweight, manual wheelchair as a backup while his primary, power wheelchair is unavailable for use. Contrary to petitioner’s contention, respondent’s determination that the requested wheelchair is not medically necessary within the meaning of Social Services Law § 365-a is supported by substantial evidence (see Matter of Storch v Grinker, 150 AD2d 585, 585-586 [2d Dept 1989]). At the fair hearing challenging the denial of his request, petitioner offered the affidavit of his occupational therapist, who stated that petitioner has the strength to use an ultra lightweight wheelchair to self-propel short distances in his own home, but cannot self-propel using a heavier wheelchair. Petitioner acknowledged that he has personal care aides 70 hours per week and that his parents would be willing to assist in pushing the wheelchair, but he stated that he wished to perform mobility-related activities for daily living independently. In opposition, respondent’s occupational therapist testified that ultra lightweight wheelchairs are designed for long-distance self-propulsion, and that there was no evidence that petitioner has the strength to self-propel long distances using such a wheelchair. Moreover, respondent’s occupational therapist further testified that the ultra lightweight wheelchair lacks “tilt-in-space” capability, placing petitioner at risk for pressure ulcers.
 

 Contrary to petitioner’s further contention, the determination was not inconsistent with respondent’s prior precedent and thus was not arbitrary and capricious on that ground (see Matter of Buffalo Teachers Fedn., Inc. v New York State Pub. Empl. Relations Bd., 153 AD3d 1643, 1645 [4th Dept 2017]).
 

 Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.