Matter of Gurariy v Zucker (2021 NY Slip Op 04356)





Matter of Gurariy v Zucker


2021 NY Slip Op 04356


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-08759 DECISION, ORDER & JUDGMENT
 (Index No. 514811/20)

[*1]In the Matter of Manya Gurariy, appellant, etc.,
v
Howard Zucker, etc., et al., respondents.


New York Legal Assistance Group, New York, NY (Jane Greengold Stevens, Elizabeth Jois, Ben Taylor, and Sidley Austin LLP [Eamon P. Joyce and Cassandra Liu], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondents Howard Zucker, as Commissioner of the New York State Department of Health, and Michael P. Hein, as Commissioner of the New York State Office of Temporary and Disability Assistance.
Rosenblum & Newfield, LLC, White Plains, NY (James Newfield of counsel), for respondent Visiting Nurse Services of New York.



In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated May 20, 2020, made after a fair hearing, confirming a determination of the respondent/defendant Visiting Nurse Services of New York dated March 17, 2020, denying the petitioner/plaintiff's request for an increase in personal care services covered by Medicaid, and action for declaratory relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 22, 2020. The judgment, in effect, denied the petition and dismissed the hybrid proceeding and action.
ORDERED that the appeal is dismissed and so much of the judgment as, in effect, denied the petition and dismissed the proceeding is vacated; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent/defendant Michael P. Hein, as Commissioner of the New York State Office of Temporary and Disability Assistance, without costs or disbursements; and it is further,
ADJUDGED that the petition is granted insofar as asserted against the respondents/defendants Howard Zucker, as Commissioner of the New York State Department of Health, and Visiting Nurse Services of New York, on the law, without costs or disbursements, the determination of the New York State Department of Health dated May 20, 2020, is annulled, and the matter is remitted to the New York State Department of Health to grant the petitioner's application for continuous personal care services pursuant to 18 NYCRR 505.14(a)(2).
The petitioner/plaintiff (hereinafter the petitioner), who is 91 years old, receives Medicaid-funded medical assistance through the respondent/defendant VNS Choice, sued herein as [*2]Visiting Nurse Services of New York (hereinafter VNS), a Managed Long-Term Care Plan. On December 4, 2019, the petitioner, who had been living on her own, had a stroke and was admitted to the hospital. Prior to her stroke, as of April 1, 2019, the petitioner had been approved for personal care services in the amount of four hours per day, five days per week, and seven hours a day, one day per week.
Following her hospital stay, the petitioner was transferred to Menorah Center for Rehabilitation and Nursing Care (hereinafter Menorah Center). In anticipation of her discharge from Menorah Center, the petitioner applied to VNS to increase her authorization for personal care services to continuous personal care services as defined by 18 NYCRR 505.14(a)(2): two-12 hour split-shifts daily, 7 days per week. In an initial adverse determination denial notice dated February 27, 2020, VNS approved the request only to the extent of authorizing an increase of the petitioner's personal care services to nine hours daily, seven days per week, and, in effect, denied the request for continuous personal care services. The petitioner requested a plan appeal. Thereafter, in a final adverse determination denial notice dated March 17, 2020, VNS denied the request for continuous personal care services as not medically necessary. The petitioner requested a fair hearing before the New York State Department of Health (hereinafter DOH), challenging VNS's determination. Following the fair hearing, in a determination dated May 20, 2020, the DOH confirmed VNS's determination. Subsequently, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to annul the DOH's determination, and action for declaratory relief against VNS and the respondents/defendants Howard Zucker, as Commissioner of the DOH, and Michael P. Hein, as Commissioner of the New York State Office of Temporary and Disability Assistance (hereinafter OTDA). In a judgment dated October 22, 2020, the Supreme Court, in effect, denied the petition and dismissed the hybrid proceeding and action. The petitioner appeals.
Since the petition, in effect, raised a question of whether the DOH's determination was supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court without deciding that issue (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 741; Matter of Lamb v Egan, 150 AD3d 854, 855; Matter of Pogorzelska v New York State Dept. of Motor Vehs., 137 AD3d 796, 796). Nevertheless, since the record is now before this Court, we will treat the matter as one that had been properly transferred, and will review the determination de novo (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d at 741; Matter of Lamb v Egan, 150 AD3d at 855).
Hein, as Commissioner of the OTDA, is not a proper party to this hybrid proceeding and action because he did not render the final determination under review, and, for that reason, the petition must be denied and the proceeding must be dismissed insofar as asserted against him (see Matter of Bosco v McGuire, 111 AD3d 931, 933; Matter of La Russo v Neuringer, 105 AD3d 743, 744).
"In reviewing a Medicaid eligibility determination made after a fair hearing, the court must review the record as a whole to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Sandoval v Shah, 131 AD3d 1254, 1255; see Matter of Rivera v Blass, 127 AD3d 759, 761). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Here, since the subject determination was made after a quasi-judicial fair hearing, the substantial evidence standard applies, and not the arbitrary and capricious standard (see generally Matter of Yannaco v Novello, 37 AD3d 613, 614).
The DOH's determination that the petitioner failed to establish that she met the criteria for continuous personal care services was not supported by substantial evidence (see 18 NYCRR 505.14[a][2]). "Continuous personal care services means the provision of uninterrupted care, by more than one personal care aide, for more than 16 hours in a calendar day for a patient who, because of the patient's medical condition, needs assistance during such calendar day with toileting, walking, transferring, turning and positioning, or feeding and needs assistance with such frequency [*3]that a live-in 24-hour personal care aide would be unlikely to obtain, on a regular basis, five hours daily of uninterrupted sleep during the aide's eight hour period of sleep" (id.).
Here, according to assessment reports dated February 20, 2020, and March 2, 2020, prepared by VNS nurses who conducted in-person assessments of the petitioner, the petitioner required maximal assistance with respect to toilet use and extensive assistance with respect to bed mobility. The nurses also noted that the petitioner was frequently incontinent, which was managed by staff and the use of adult diapers, could not move her wheelchair on her own more than 15 feet, and could not raise to a standing position unassisted. The March 2020 report also stated that the petitioner was unable to "don/doff pulls ups or diapers on own," was unable to perform hygiene post-incontinence on her own due to physical limitations, and was being assisted three to four times "overnight" at Menorah Center by a certified nurse assistant in addition to the Menorah Center staff taking care of all of the petitioner's needs caused by her incontinence. With respect to the condition of the petitioner's skin, in March 2020, the nurse noted "sacral pilling fragile skin."
Further, the petitioner's grandson testified that the stroke caused the petitioner to have only 25% use of the right side of her body, leaving her dependent upon assistance with all activities of daily living, including walking, operating a wheelchair, sitting up to eat, and transferring to and from the bed and the toilet. With respect to the petitioner's incontinence, the petitioner's grandson testified that the petitioner urinated every 40 minutes to an hour and was unable to control soiling herself when she did so, that the petitioner's adult diapers were being changed every one to two hours at Menorah Center, and that, if released without continuous care, the petitioner would be left with a wet, dirty diaper for more than 12 hours at a time. Further, he testified that the petitioner could not sit for more than an hour in her wheelchair due to pain in her hip, causing her to spend almost all of her time in bed. He also submitted a letter from a doctor and a social worker employed by Menorah Center, which stated that the petitioner was bedridden and could not do any activities of daily living on her own, and thus required 24-hour care.
Given that no evidence to the contrary was submitted at the fair hearing demonstrating that the petitioner's toileting needs were not frequent, that she was able to change her diapers on her own at the rate required to keep her clean, or that the petitioner was able to reposition herself in her bed, where she spent most of the day, to accommodate the fact that her skin was described as fragile, the determination of the DOH to deny the petitioner's request for continuous personal care services as not medically necessary was not supported by substantial evidence and, thus, must be annulled (see CPLR 7803[4]; see generally Matter of Sandoval v Shah, 131 AD3d at 1256). Accordingly, we grant the petition insofar as asserted against Zucker and VNS, annul the DOH's determination dated May 20, 2020, and remit the matter to the DOH to grant the petitioner's application for continuous personal care services pursuant to 18 NYCRR 505.14(a)(2).
In light of our determination, the petitioner's remaining contention has been rendered academic.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court