Matter of Basile v New York State Off. of Temporary & Disability Assistance (2024 NY Slip Op 06257)

Matter of Basile v New York State Off. of Temporary & Disability Assistance

2024 NY Slip Op 06257

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1147
[*1]In the Matter of Christopher Basile, Appellant,
v
New York State Office of Temporary and Disability Assistance et al., Respondents.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Richard A. Medina, New York City, for appellant.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for New York State Office of Temporary and Disability Assistance and others, respondents.
John M. Nonna, County Attorney, White Plains (Alida L. Marcos of counsel), for Westchester County Department of Social Services and others, respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered April 25, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
In February 2019, Westchester County Family Court entered a judgment against petitioner for $118,824 in child support arrears. In August 2019, petitioner paid that amount in full and his child reached the age of 21. Thereafter, petitioner was advised that he owed additional arrears. As a result, petitioner commenced the instant CPLR article 78 proceeding, in essence, challenging the determination that he owed further arrears, and seeking the return of any overpayments and a directive that his child support obligations were satisfied. Respondents moved for dismissal of the petition, which was granted by Supreme Court. Petitioner appeals, and we affirm.
First, the petition fails to state a cause of action against respondents New York State Office of Temporary and Disability Assistance, Division of Child Support Enforcement, Commissioner Daniel W. Tietz and Deputy Commissioner Eileen Stack (hereinafter the state respondents). Although the state respondents are tasked with oversight and supervision of the statewide system of child support enforcement (see Social Services Law § 111-b), they do not play a role in case-specific activities such as creating a debtor's child support account, monitoring the account balance or enforcing a child support obligation — rather, those responsibilities are vested in each local child support enforcement unit (see Social Services Law §§ 111-c, 111-h; 18 NYCRR 346.1, 347.3). Given that the state respondents did not render the determination under review, dismissal as against them was warranted (see Matter of Gurariy v Zucker, 196 AD3d 574, 576 [2d Dept 2021]; Matter of Bosco v McGuire, 111 AD3d 931, 933 [2d Dept 2013]).
Second, petitioner failed to obtain personal jurisdiction over respondents Westchester County Department of Social Services, Westchester County Office of Child Support Enforcement and Commissioner Leonard G. Townes. Petitioner was required to serve the notice of petition and verified petition upon the two aforementioned county departments via "[p]ersonal . . . deliver[y] . . . to the chair or clerk of the board of supervisors, clerk, attorney or treasurer" (CPLR 311 [a] [4]), and upon the commissioner via one of the methods outlined in CPLR 308. Instead, petitioner utilized certified mail, email and Federal Express, none of which satisfied the strict statutory requirements (see Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019]). Contrary to petitioner's contention, CPLR 307 is inapplicable, as that statute governs service upon state — not county — agencies and officers. "[S]ince notice received by means other than those authorized by statute cannot serve to bring a [respondent] within the jurisdiction of the court," the petition was properly dismissed [*2]as against these respondents (Feinstein v Bergner, 48 NY2d 234, 241 [1979]; see Matter of Ambrister v Rosa, 223 AD3d 969, 970-971 [3d Dept 2024]). In light of our conclusions herein, petitioner's remaining argument has been rendered academic.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.