Matter of Gur-Arie v Zucker
2026 NY Slip Op 03306
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of David Gur-Arie, etc., petitioner,
v
Howard Zucker, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2022-01137, (Index No. 519328/21)
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Janice A. Taylor
Elena Goldberg Velazquez, JJ.

Craig K. Tyson, New York, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Daniel S. Magy of counsel), for respondents.

[*1]
DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated April 6, 2021. The determination, after a fair hearing, upheld a determination of the New York State Department of Health dated August 13, 2020, denying the petitioner's prior approval request for durable medical equipment. Justice Brathwaite Nelson has been substituted for former Justice Miller (see 22 NYCRR 1250.1[b]).
ADJUDGED that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent Michael P. Hein, without costs or disbursements; and it is further,
ADJUDGED that petition is granted insofar as asserted against the respondents Howard Zucker and New York State Department of Health, on the law, without costs or disbursements, the determination of the respondent New York State Department of Health dated April 6, 2021, is annulled, and the respondent New York State Department of Health is ordered to direct the Kings County Department of Social Services to provide the requested durable medical equipment to the petitioner.
The petitioner is a 30-year-old man with disabilities, including quadriplegic cerebral palsy. He is nonambulatory and nonverbal. He uses a Solara tilt-in-space wheelchair as his primary device for sitting and movement. In 2013, he obtained a Convaid Cruiser stroller through his primary insurance as a secondary device, which was used for, inter alia, making weight-bearing transfers at home and for transportation in a vehicle to therapeutic services. On July 15, 2020, Home Medical Equipment, LLC, made a prior approval request to the New York State Department of Health (hereinafter DOH) on behalf of the petitioner for a new Convaid Cruiser stroller. On August 13, 2020, the DOH issued a notice of denial denying the prior approval request for a new Convaid Cruiser stroller on the grounds that it was not medically necessary and not cost effective. On August 19, 2020, the petitioner requested an administrative fair hearing pursuant to 18 NYCRR 513.8 to review the notice of denial. On March 2, 2021, an administrative fair hearing was held before an Administrative Law Judge (hereinafter ALJ). After the fair hearing, the DOH, by the ALJ, upheld the determination of the DOH denying the prior approval request for a new Convaid Cruiser stroller. The petitioner subsequently commenced this CPLR article 78 proceeding. This proceeding was transferred to this Court for disposition by order dated November 29, 2021.
The petition must be dismissed insofar as asserted against the respondent Michael P. Hein, the New York State Commissioner of the Office of Temporary and Disability Assistance (hereinafter OTDA). The commissioner of the OTDA is not a proper party to this proceeding because he did not render the final determination under review (see Matter of Gurariy v Zucker, 196 AD3d 574, 576; Matter of Bosco v McGuire, 111 AD3d 931, 933).
However, the petition should be granted insofar as asserted against the respondents Howard Zucker, the Commissioner of the DOH (hereinafter the Commissioner), and the DOH. The determination of the DOH, by the ALJ, as its designee, upholding the denial of the petitioner's prior approval request for a new Convaid Cruiser stroller was not supported by substantial evidence in the record.
In a CPLR article 78 proceeding in which a quasi-judicial hearing required by law is held, review is limited to deciding whether the determination is supported by substantial evidence in the record and is not affected by an error of law (see Matter of Suburban Restoration Co., Inc. v State of New York Dept. of Labor, 241 AD3d 558, 559-560; Matter of Gramble v Putnam County Hous. Corp., 235 AD3d 748, 749; Matter of Gurariy v Zucker, 196 AD3d 574, 576-577). Here, the DOH's determination was not supported by substantial evidence in the record (see Matter of Colortone Camera, Inc. v New York State Compensation Ins. Rating Bd., 102 AD3d 962, 964; Matter of Wilson v Iwanowicz, 97 AD3d 595, 596).
The petitioner bore the burden of proving that he was entitled to the requested equipment under Medicaid (see 18 NYCRR 513.3[a]; Matter of Rovinsky v Zucker, 167 AD3d 122, 124). The petitioner was required to establish that the equipment was medically necessary to prevent, diagnose, correct or cure a medical condition and that any specific statutory or regulatory requirements for prior approval of the care, services or supplies are met (see 18 NYCRR 513.3[a]). Pursuant to 18 NYCRR 513.1(c), "[n]ecessary to prevent, diagnose, correct or cure a condition" means that requested medical, dental and remedial care, services or supplies would meet the recipient's medical needs; reduce the recipient's physical or mental disability; restore the recipient to his or her best possible functional level; or improve the recipient's capacity for normal activity. "Necessity to prevent, diagnose, correct or cure a condition" must be determined in light of the recipient's specific circumstances and the recipient's functional capacity to use or make use of the requested care, services or supplies and appropriate alternatives (see id. § 513.1[c]).
Here, the petitioner established that the Convaid Cruiser stroller was medically necessary within the meaning of 18 NYCRR 513.1(c). Contrary to the respondents' contention, the Convaid Cruiser stroller was not simply a device to make it easier for the petitioner's caregivers to transport the petitioner to activities. Rather, the petitioner's evidence demonstrated that the Convaid Cruiser stroller increased the petitioner's weight-bearing activities, prevented muscle atrophy, and benefitted the petitioner's heart, lungs, and bones. Furthermore, the petitioner's physical therapist stated in a letter entered into evidence at the fair hearing that if the petitioner received a new Convaid Cruiser stroller, he would be able to practice the skills he learned in physical therapy daily and improve his overall function. Moreover, the opinions of the petitioner's treating practitioners who testified at the fair hearing were entitled to significant weight (see id. § 513.6[e]).
In sum, the evidence at the fair hearing unequivocally showed that the Convaid Cruiser stroller was medically necessary, as, among other things, it would reduce the petitioner's physical disability, restore him to his best possible functional level, and improve his capacity for normal activity (see Matter of Godfrey v Shah, 91 AD3d 1294, 1295; Matter of Layer v Novello, 17 AD3d 1123, 1125; Matter of Sorrentino v Novello, 295 AD2d 945, 946).
Accordingly, we grant the petition insofar as asserted against the Commissioner and the DOH, annul the determination of the DOH upholding the denial of the petitioner's prior approval request, and order the DOH to direct the Kings County Department of Social Services to provide the requested Convaid Cruiser stroller to the petitioner.
DILLON, J.P., BRATHWAITE NELSON, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court